

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN         AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Renfro Speed
County Attorney
Freestone County
Fairfield, Texas

Dear Sir:                  Opinion No. O-1289
                      Re: Polling places in common
                           school district elections.

       We are in receipt of your letter of August 16,
1939, in which you request the opinion of this Department
upon the following questions:

       "1. Can the Commissioners Court of a county,
acting under House Bill No. 782, Chapter 237, page
472, Acts of 45th Legislature at Regular Session
in 1937, or under any other law, divide a common
school district into subdivisions or precincts for
the purpose of establishing and maintaining separate
polling places or election boxes in said common
school district for school district elections?

       "2. If the Commissioners Court of a county
does not have the authority to subdivide a common
school district to maintain separate polling places
then does the county board of education or the board
of trustees of the common school district, either
or both, have the authority to divide a common school
district into precincts or subdivisions for separate
polling places?

       "3. Does the County Jedge have authority,
whenever he calls an election, to designate two or
more polling places in a common school district?

       "4. Wherever the Commissioners Court of a
county have subdivided the county into general elec-
tion precincts, and the polling place of any certain
precinct is located within the bounds of a common
school district must the common school district adopt
such polling place, and should there be more than
two polling places for said district and there is
likewise two polling places of two general county
and election precincts then must the two school dis-

trict polling places be the same as the two county
election precinct polling places and must the pre-
cincts or subdivisions of the school district con-
form as near as possible to the county election
precincts?"

We appreciate your brief and discussion of the
various statutes bearing upon the above questions.

By Articles 2741 and 2676, et sep., Revised Civil
Statutes 1925, as amended, the general management, supervi-
sion and control of the common school districts of the county
is placed under the control of the county board of school
trustees.  The management and control of the affairs of the
individual common school districts is vested in the local
school board of each district.  Article 2749, Revised Civil
Statutes, 1925.

Article 2793, Revised Civil Statutes, 1925, per-
taining to bond and tax elections, provides that "the county
judge shall appoint a presiding officer for each voting place
to hold any such election in common school districts; . . .
all polls for school district elections shall be opened at
8:00 o'clock a. m. and shall be closed at 6:00 o'clock p. m.
. . . "  This statute authorizes the county judge to appoint
a presiding officer for each voting or polling place but it
does not give authority and does not purport to give author-
ity to the county judge to establish voting subdivisions
within a common school district.  It apparently contemplates
that the regular voting places shall be designated and used
in such election.

Prior to its amendment in 1927, Article 2746, Re-
vised Civil Statutes, 1925, provided that the common school
district trustees "shall appoint three persons qualified
voters of the district who shall hold" the regular trustee
election in each common school district and further provides
that "said persons shall receive as compensation for their
services the sum of $1.00 each."  The local board when
ordering such election is also authorized to give notice of
the time and place where such election will be held and are
required to post the proper notice.

Article 2746 was amended by House Bill No. 782,
Chapter 237, Acts 1937, p. 472, so as to provide that "said
trustees (common school district) may appoint three persons
for each voting box of the district who shall be qualified
voters of the district and who shall hold such election and
make returns thereof to said trustees within five days after
such election and said persons shall receive as compensation

for their services the sum of $1.00 each." As in the original article, the board of trustees when ordering such election is authorized to give notice of the time and place for such election where such election will be held and post the proper notices. The emergency clause of this Act reads in part as follows:

"Because of the fact that in some school districts in Texas there is more than one voting box and whereas under the old statute great inconvenience was caused to the residents of such districts because of the great distance which must necessarily be traveled and whereas much saving of time and expense can be obtained by allowing the holding of elections more convenient to the voters create an emergency."

While Article 2746, as amended, does not expressly authorize the local board of school trustees to establish voting boxes in the district and make designation of voting precincts therein, it clearly contemplates that in many common school districts within this State more than one voting box has been established and because of the size of some districts, it is to the best interest of the districts and the voters therein that more than one polling place be furnished. It further recognizes that under the original statue the trustees were authorized to appoint only three persons to hold such election and only the number designated by the statute were authorized to receive compensation for their services. Such difficulty was obviated in the amendment by providing that three persons could be appointed for each voting box and each should receive compensation for his services.

Taking into consideration the general powers vested in the local board of school trustees and the recent amendment of Article 2746, we are of the opinion that the local school board of common school districts may establish sufficient voting boxes to adequately serve the district and make appropriate provision for the designation of the voting subdivisions for the polling places.

It is our opinion that your questions should be answered as follows:

1. The commissioners' court of a county is not authorized to divide a common school district into subdivisions or precincts for the purpose of establishing and maintaining separate polling places or election boxes.

2. The board of trustees of a common school dis-

trict may establish more than one polling place in the common school district and divide such district into suitable subdivisions for voting purposes.

3. The county judge, when he calls an election, is not authorized to divide a common district into voting subdivisions but may designate two or more polling places in a common school district when such polling places have been established by the local board of trustees.

4. There is no relation between county election precincts established by the Commissioners' Court by virtue of Articles 2351 and 2933, Revised Civil Statutes, 1925, and common school districts. Voting boxes in common school district elections and appropriate subdivisions therefor may or may not correspond to county precincts and polling places.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:N:wc

APPROVED OCT 30, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman